## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINA RUDY,

            Plaintiff,

    v.

VT HACKNEY KIDRON d/b/a
VT HACKNEY, INC.,

            Defendant.

No. 4:21-CV-02058

(Chief Judge Brann)

## MEMORANDUM OPINION

### MAY 25, 2022

## I.    BACKGROUND

On November 17, 2021, Christina Rudy filed a one-count Complaint against VT Hackney Kidron in the Court of Common Pleas of Lycoming County, Pennsylvania.[1]  Then VT Hackney removed the case to this Court.[2]  This is a case of wrongful termination predicated on this Court's diversity jurisdiction and brought under Pennsylvania law.

On December 15, 2021, VT Hackney moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  This motion to dismiss is now ripe for consideration.  For the following reasons, it is granted with prejudice.  The case is dismissed without leave to amend.

---

[1]    Doc. 1-1.
[2]    Doc. 1.

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted."  A motion to dismiss "tests the legal sufficiency of a claim"[3] and "streamlines litigation by dispensing with needless discovery and factfinding."[4] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[5]  This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[6]

Following the Roberts Court's "civil procedure revival,"[7] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[8] and *Ashcroft v. Iqbal*[9] tightened the standard that district courts must apply to 12(b)(6) motions.[10]  These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[11]

---

[3]   *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)).
[4]   *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).
[5]   *Id.* at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).
[6]   *Id.* at 327.
[7]   Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 Rev. Litig. 313 (2012).
[8]   550 U.S. 544 (2007).
[9]   556 U.S. 662 (2009).
[10]   *Id.* at 670.
[11]   *Id.*

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[14] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[15]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16]  No matter the context, however, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[17]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[18]  However, "the tenet that a court must accept

---

[12]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[13]  *Id.*
[14]  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (cleaned up).
[15]  *Twombly*, 550 U.S. at 556.
[16]  *Iqbal*, 556 U.S. at 679.
[17]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).
[18]  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[19]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[21]

When deciding a motion to dismiss, a Court generally considers only the allegations in the complaint, exhibits attached thereto, and facts of public record.[22] Normally, to consider anything beyond those sources, a motion to dismiss must be converted to a motion for summary judgment.[23]  But consideration of materials outside the complaint is not completely barred on a 12(b)(6) motion.  A Court may consider any documents that are integral or explicitly relied upon in the complaint.[24] "However, before materials outside the record may become the basis for a dismissal,

---

[19]  *Iqbal*, 556 U.S. at 678 (internal citations omitted).
[20]  *Id.  See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[21]  *Connelly*, 809 F.3d at 787 (internal quotation marks and citations omitted).
[22]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).
[23]  *See* Fed. R. Civ. P. 12(d).
[24]  *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

several conditions must be met."[25]  "For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."[26]  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.[27]  In this matter, I find that these conditions have been met, and will consequently consider the parties' attachments.

### B.    Facts Alleged in the Complaint

The facts alleged in the Complaint, which I must accept as true for the purposes of this motion, are as follows.

On or about January 1, 2020, Christina Rudy began working as an assembler at VT Hackney Kidron.[28]  VT Hackney hired Rudy as a full-time employee on or about March 9, 2020.[29]

On or about June 15, 2020, Rudy smacked her right ankle against a metal lift while picking up a wall with a co-worker.[30]  Later that day, a loose air line sprung back, striking Rudy's right ankle with its metallic end.[31]  Immediately, Rudy suffered excruciating pain.[32]

---

[25]  *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).
[26]  *Id.*; *see also Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004); *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).
[27]  *Faulkner*, 463 F.3d at 134.
[28]  Doc. 1-1 at ¶ 9.
[29]  *Id.* at ¶ 11.
[30]  *Id.* at ¶ 13.
[31]  *Id.* at ¶ 14.
[32]  *Id.* at ¶¶ 15–16.

The following Sunday, Rudy went to the emergency room, which referred her to an orthopedic specialist and diagnosed her with severe sprain, strain, and contusion of the right ankle.[33]  Rudy notified VT Hackney of this work injury and stopped working on June 17, 2020.[34]  On July 1, 2020, Rudy's physician released her to work with the following restrictions: minimal standing and walking and no crouching, kneeling, squatting, climbing, or lifting.[35]

On July 10, 2020, Rudy filed a workers' compensation claim.[36] On July 17, 2020, Rudy's physician released her to work with the following restrictions: walking and standing with a boot up to four-hour shifts and no crouching, kneeling, squatting, climbing, or lifting.[37]  On August 7, 2020, Rudy's physician released her to work with the following restrictions: she may stand for a full shift, but no bending, lifting, carrying, or stooping until further notice.[38]

Rudy provided all of her doctor's notes to VT Hackney's Human Resources personnel, Heidy Long and Jennifer Lewis.[39]  But on October 27, 2020, VT Hackney terminated Rudy's employment.[40]

---

[33] *Id.* at ¶ 16.
[34] *Id.* at ¶ 17.
[35] *Id.* at ¶ 19.
[36] *Id.* at ¶ 20.
[37] *Id.* at ¶ 21.
[38] *Id.* at ¶ 22.
[39] *Id.* at ¶ 23.
[40] *Id.* at ¶ 24.

C.   **Analysis**

1.   **Settlement Agreement**

VT Hackney argues that the parties' Settlement Agreement, dated September 15, 2021, bars Rudy's claim.  "A long line of Pennsylvania cases has held that a release covers only those matters which may be fairly said to have been within the contemplation of the parties when the release was given."[41]  "The effect of a release is to be determined by the ordinary meaning of its language."[42]

Here, the Settlement Agreement "resolves any further claims that the claimant has or could have alleged against the employer or its insurance carrier arising out of her period of employment at VT Hackney, Inc."[43]  Rudy's wrongful-termination claim arises out of her employment at VT Hackney.[44]  Accordingly, the Settlement Agreement bars Rudy's wrongful-termination claim.

Rudy counters that the parties only intended to resolve claims related to and arising out of her June 2020 accident.  But when the terms of a settlement agreement "are clear and unambiguous, the intent of the parties is to be ascertained from the document itself."[45]  The Settlement Agreement clearly and unambiguously "resolves

---

[41]   *Restifo v. McDonald*, 230 A.2d 199, 201 (Pa. 1967).

[42]   *Republic Ins. Co. v. Paul Davis Sys. of Pittsburgh S., Inc.*, 670 A.2d 614, 615 (Pa. 1995).

[43]   Doc. 4-1 at 5.

[44]   *See Irvin v. Upper Southampton Twp.*, No. CV 16-1860, 2016 WL 3854224, at *3 (E.D. Pa. July 14, 2016) ("A claim for pension benefits arises from Irvin's former employment with the Township. Therefore, the release in the settlement agreement included Irvin's current claims."); *see also Marino v. Cross Country Bank*, No. CIV A 07-1389, 2007 WL 1946533, at *5 (E.D. Pa. June 29, 2007).

[45]   *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004).

any further claims that [Rudy] has or could have alleged . . . arising out of her period of employment at VT Hackney, Inc."[46]  This language does not limit the Settlement Agreement to claims related to and arising out of Rudy's June 2020 accident. Accordingly, Rudy's claim is dismissed.

### 2.    Wrongful Discharge

Alternatively, VT Hackney argues that Rudy does not plausibly allege wrongful discharge.  To plead wrongful discharge, Rudy must allege facts indicating that: (1) she engaged in protected activity by invoking her rights under the Pennsylvania Workers' Compensation Act; (2) she suffered an adverse employment action contemporaneous with or after the protected activity; and (3) a causal link exists between the protected activity and the adverse employment action.[47]

Here, Rudy does not allege facts indicating a causal connection between her protected activity and her discharge.  For example, Rudy alleges that VT Hackney terminated her employment on October 27, 2020, more than three months after she filed a workers' compensation claim on July 10, 2020.[48]  "But [t]he mere fact that an alleged discharge occurs subsequent to the filing of a claim is insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two

---

[46]  Doc. 4-1 at 5.
[47]  *Christman v. Cigas Mach. Shop, Inc.*, 293 F. Supp. 2d 538, 543 (E.D. Pa. 2003).
[48]  Doc. 1-1 at ¶¶ 20, 24.

events."[49]   So the timing of Rudy's termination does not sufficiently indicate causation.

Rudy also alleges that VT Hackney terminated her because it "required her to be cleared to return to work with no restrictions, o[r] in other words 100% healed."[50] This "supports an inference that [s]he was discharged due to [her] disability—not in response to [her] application for workers' compensation."[51]   So this allegation does not indicate causation either.

Finally, Rudy alleges that VT Hackney terminated her "in retaliation for filing a Workers' Compensation claim."[52]   But this conclusory allegation does not suffice.[53]   Accordingly, Rudy's claim is dismissed because she does not plausibly allege causation.

## III.   CONCLUSION

The Settlement Agreement bars Rudy's claim.   Alternatively, Rudy does not plausibly allege causation.   So VT Hackney's motion to dismiss pursuant to Rule 12(b)(6) is granted with prejudice.

---

[49]   *Christman*, 293 F. Supp. 2d at 544.
[50]   Doc. 1-1 at ¶ 25.
[51]   *Christman*, 293 F. Supp. 2d at 544; *see also Landmesser v. United Air Lines, Inc.*, 102 F. Supp. 2d 273, 278 (E.D. Pa. 2000) ("Plaintiff here conflates a claim for discharge due to disability with a claim for discharge in response to her prior application for workers' compensation.").
[52]   Doc. 1-1 at ¶ 26.
[53]   *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Fowler*,  578 F.3d at 210 ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

Leave to amend is not granted.  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[54]  A complaint is "futile" if even, as amended, it would fail to state a claim upon which relief could be granted.[55]  "Because the Settlement Agreement bars [Rudy's] claim[] against [VT Hackney], amendment of [this] claim[] would be futile."[56]

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[54] *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[55] *Id.*

[56] *Morris v. W. Manheim Twp.*, No. 1:CV-12-1647, 2013 WL 3973970, at *6 (M.D. Pa. July 31, 2013); *see also Phelps v. Pressler & Pressler, LLP*, No. CIV.A. 12-5223 DMC, 2013 WL 6094572, at *4 (D.N.J. Nov. 19, 2013) ("The Court agrees that the release language within the Settlement Agreement renders the Amended Complaint as futile as to Midland Funding.").